**Stanley B. SPERRY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**No. 70–C–13–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Aug. 6, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## DISMISSAL

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Stanley B. Sperry, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order dated May 19, 1970.

Petitioner is currently serving a sentence of five years pursuant to a judgment of the Circuit Court of Nelson County, imposed on May 24, 1965, for attempted rape. Petitioner, represented by court-appointed counsel, entered a plea of not guilty and was tried by a judge without a jury.

Petitioner filed a writ of habeas corpus in the Circuit Court of Nelson County. On January 23, 1968 he was given a hearing only on the question of whether he was denied an appeal. The court determined that he had not been denied an appeal. On the other grounds, the court held that petitioner could not attack the attempted rape conviction as he was not then serving sentence thereon. On June 17, 1969 the Virginia Supreme Court of Appeals affirmed the dismissal.

On March 1, 1968 petitioner filed a motion for a new trial on the ground of after discovered evidence, supported by one affidavit. In the affidavit a neighbor of the prosecutrix states that after the trial the prosecutrix admitted to her that the charge of attempted rape was false. This claim was not part of the prior habeas corpus petition. An appeal taken from the failure to grant a new trial was dismissed by the Virginia Supreme Court of Appeals for failure to perfect it within the required time.

Petitioner has never been given a hearing to determine whether he was convicted as a result of perjured testimony. It does not appear that the state courts have ever been squarely presented with the issue. Petitioner's writ of habeas corpus in the state courts did not allege this claim. The motion for a new trial and the appeal, both of which alleged perjured testimony, were procedures for which the time limitations had long expired. The claims made in the present petition all concern the claim of perjury. Petitioner has not exhausted his available state court remedies on this claim in compliance with 28 U.S.C. § 2254.[1]

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed. This dismissal is without prejudice to the refiling of petitioner's claims after available state remedies are exhausted.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

---

1. Petitioner can allege this perjury in the Circuit Court of Nelson County either by a petition for a writ of habeas corpus or by a writ of error *coram nobis*. If the prosecutrix's testimony is shown to have been perjured, relief would appear to be available. See Durley v. Mayo, 351 U.S.

277, 76 S.Ct. 806, 100 L.Ed. 1178 (1955) (dissenting opinion), quoted with approval, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Also, if relief is granted petitioner would be entitled to credit for time served on the sentence.